315 So.2d 818 (1975)
Eunice Franklin, wife of/and Ketridge R. FRANKLIN
v.
John J. EVANS, Jr. and D. M. Greenup d/b/a D. M. Greenup Realty Company.
No. 6554.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
On Rehearing May 15, 1975.
*819 Revius O. Ortique, Jr., New Orleans, for defendant-appellant, D. M. Greenup.
Elie, Sobol, Strickler & Dennis, George M. Strickler, Jr., New Orleans, for defendant-appellee, John J. Evans, Jr.
Clayton J. Borne, III, Metairie, for plaintiffs-appellees.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
An agreement to purchase and sell the property at 522 Webster Street, Kenner, Louisiana, for $18,000 was entered into between the plaintiffs, as purchasers, and defendants, Evans and Greenup, as seller and agent respectively. In connection therewith plaintiffs deposited $1800 with Greenup and they filed this suit for the return of this deposit together with an equal amount as a penalty and for attorney's fees, upon allegations that they were induced to sign the agreement by misrepresentation on the part of defendants as to the characteristics of the property. Defendant Evans filed a third-party petition against Greenup, seeking indemnity upon allegations that if any misrepresentations were made at all they were made by Greenup without consent, co-operation or knowledge on his part. From a judgment in favor of plaintiffs against Evans and Greenup for $3600 plus attorney's fees in the amount of $1,000 and in favor of Evans against Greenup for the amount of $900, only Greenup has appealed.
According to the testimony of plaintiffs when they were shown the property by Greenup's salesman and the father of Evans they were told by them that a driveway on the north side of the property was a common driveway which would be available to them to gain access to the rear of the property. They testified that there were buildings in the rear of the property and that it would be suitable for two rear apartments since the common driveway provided access. Without a doubt, based upon their testimony, they would not have agreed to purchase this property unless ownership of the property included the use of that driveway. Shortly before the act of sale was to be passed they inspected the property and found that a fence had been erected between the driveway and the property and they immediately contacted Greenup, who promised to investigate the situation.
Defendants produced their two salesmen, F. D. Greenup and Lidell Greenup, and the *820 senior Evans, who denied having any such conversations with plaintiffs relative to the driveway.
In his reasons for judgment the trial court said that he "was impressed favorably by the plaintiffs and consequently believes that they were, in fact, told by Mr. Greenup and Mr. Evans that the property did include the community drive in question." He also found that Greenup and Evans "did materially misrepresent the facts; and in doing so, wrongfully induced the plaintiffs to execute the said agreement to purchase."
The sole specification of error assigned in this Court is that parol evidence was not admissible to alter the terms of the written agreement to purchase which provided only that the property was situated "on grounds measuring about as per title" and which was silent with respect to the driveway.
The law is too well settled to require citation that where fraud or misrepresentation is alleged the court may consider such parol evidence in connection with a written agreement confected as a result of such a misrepresentation. Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36, Vales v. Doley, 297 So.2d 532 (La.App. 4th Cir. 1974).
Having concluded that such testimony was admissible there is no basis for a reversal of the trial judge's credibility call in favor of plaintiffs over defendants.
As to the judgment in favor of Evans against Greenup for $900 on the third-party petition, there is no basis for disturbing this award. This $900 is one-half of plaintiffs' deposit being held by Greenup.
Accordingly, the judgment is affirmed.
Affirmed.
GULOTTA, J., dissenting.
GULOTTA, Judge (dissenting).
I respectfully dissent. The majority does not come to grips with the real problem in this case, as I see it. It is clear from the evidence that no meeting of the minds existed between the parties to the purported agreement. Plaintiff buyer was under the mistaken belief that he was purchasing property which had the benefit of a community driveway. Defendants deny that they advised plaintiff that the property to be purchased included the use of the driveway. The record supports the trial court's conclusion that error resulted from the misrepresentation that the purchaser would have the use of a community drive. In such instance, this induced error resulted in a lack of meeting of the minds. Under these circumstances, there can be no consent. Without consent, no accord exists; without accord, no contract exists. See LSA-C.C. art. 1819, art. 1824.[1] The parties to the purported agreement, buyer and seller, revert to their respective positions as if no agreement had been made. Plaintiff is entitled to the return of the deposit. *821 He is not entitled to recovery of double the amount of the deposit from the seller or for damages against the seller, as stipulated in the contract, since the contract is null. No rights can follow to either party from the purported agreement. Nor can the terms of the instrument which provides for the return of double the deposit to the buyer by the seller allow recovery against a relator when he is not a party to the agreement (even if the purported agreement is valid). Any claim for damage resulting to plaintiff because of misrepresentation by the seller and/or the relator must be proved as any other claim. Stipulated damages (i.e., double the deposit or costs and fees) as set forth in the agreement cannot serve as the basis of an award in the instant case.
Accordingly, I am of the opinion plaintiff is entitled to the return of the deposit in the sum of $1,800. However, plaintiff has received this sum from defendant Evans. Nevertheless, plaintiff has a claim for damages which may have resulted from the misrepresentation of Greenup and/or Evans. I would remand this matter to allow plaintiff to offer evidence of any damages sustained as a result of this misrepresentation.
I am aware that in Vales v. Doley, 297 So.2d 532 (La.App. 4th Cir. 1974), in a case involving a real estate transaction, we concluded that no meeting of the minds existed and, therefore, no agreement was reached. Nevertheless, we permitted an award against the relator based on stipulated damages set forth in the agreement. However, I am of the opinion that the rationale adopted by us in the Vales case resulting in an award based on stipulated damages contained in an agreement which we declared null and void is erroneous. I would remand this matter for the purposes and in accordance with the views expressed hereinabove.
Accordingly, I respectfully dissent.

ON REHEARING
SCHOTT, Judge.
The facts outlined in our original opinion should be supplemented to this extent. According to plaintiffs, when they were shown the property by F. D. Greenup and John J. Evans, Sr., Greenup's statement to them that the driveway was a common driveway was not isolated from participation by Evans but on the contrary was then and there "verified" by Evans. While the trial judge found that Greenup and Evans "did materially misrepresent the facts" concerning the driveway it should be emphasized that there is no evidence that defendant Greenup was the originator or the principal perpetrator of the fraud but rather he was repeating to plaintiffs what had been told to him by Evans, Sr. There is no evidence of an independent misrepresentation as to the existence of the common driveway on the part of defendant Greenup.
In any event there was a substantial error of fact in the minds of the parties, i.e., plaintiffs, Evans and Greenup, as to the existence of the common driveway preventing them from confecting a valid contract to purchase and sell the property. LSA-C.C. Arts. 1819, 1823, 1842 and 1843.
Since there was no valid contract among the parties, it follows that all parties should be restored to their original positions. In this case, we are concerned only with the plaintiffs and defendant Greenup since defendant Evans is not before the Court. By stipulation among counsel we are informed that Greenup has already returned to plaintiffs $720 out of the $1800 deposit. Defendant Greenup is liable to plaintiffs for the remaining $1080. Plaintiffs are not entitled to attorneys' fees since the only authority for awarding such was the contract which we have held to be invalid. As to the third-party demand of Evans against Greenup, from the facts discussed it follows that Greenup did not *822 cause Evans to bear any loss and consequently there is no basis for an award in favor of Evans against Greenup for $900 as found by the trial judge.
Accordingly, the judgment in favor of plaintiffs against defendant Greenup is amended to the extent that the judgment in favor of plaintiffs, Eunice Franklin, wife of/and Ketridge R. Franklin, and against D. M. Greenup, d/b/a D. M. Greenup Realty Company, is for the sum of $1080, with legal interest from date of judicial demand until paid without attorneys' fees. The judgment on the third-party demand in favor of John J. Evans, Jr., and against D. M. Greenup, d/b/a D. M. Greenup Realty Company, is reversed and set aside, and the third-party demand of John J. Evans, Jr., is dismissed at his cost. The costs of this appeal are to be divided between plaintiffs and defendant Greenup.
Affirmed in part, amended and reversed in part.
NOTES
[1] LSA-C.C. art. 1819 reads:

"Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows that there is no consent, not only where the intent has not been mutually communicated or implied, as is provided in the preceding paragraph, but also where it has been produced by
Error;
Fraud;
Violence;
Threats."
LSA-C.C. art. 1824 reads:
"The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent."