322 So.2d 877 (1975)
Kenneth G. TALLEY
v.
John R. BLAKE and Patrick G. Simms.
No. 10498.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
John Taylor, Baton Rouge, for appellants.
David A. Waguespack, Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Defendants-appellants, John R. Blake and Patrick G. Simms, appeal a judgment of the Nineteenth Judicial District Court ordering them to pay, in solido, the balance of $2,700 due on a promissory note, together with interest thereon at the rate of 8 percent per annum from March 18, 1972, until paid, and 10 percent of principal and interest as attorney's fees and all costs of *878 the proceedings to the plaintiff-appellee, Kenneth G. Talley.
On March 17, 1970, defendants purchased the plaintiff's one-third interest in Blake, Talley and Associates, Employment Consultants, Inc., resulting in the defendants gaining complete ownership of the corporation. The purchase price of $3,600 was represented by a promissory note dated that same date, payable in equal monthly installments of $150 each, the first of which was due and payable on or before April 18, 1970. There is no dispute that the sale actually took place, nor is there any dispute that the defendants signed the promissory note in favor of the plaintiff.
After paying $900 on the obligation, the corporation failed and no further payments were made. Subsequently, the plaintiff sued Blake and Simms individually for the balance of $2,700. The defendants reconvened for the plaintiff's one-third share of the debts of the corporation, which debts totaled $15,464.31.
The defendants, at the trial and on appeal, have attempted to controvert the clear and unambiguous wording of the act of sale[1] by asserting that they erroneously thought the corporation was the purchaser of the stock and not them individually. They contend this error vitiated their consent and invalidated the sale. Accordingly, they argue that because the sale was invalid for lack of their consent, the note sued upon is uncollectible for failure of its underlying consideration.
To substantiate their allegation of error, both defendants testified that they conferred via telephone with their attorney, Harris D. Copenhaver, concerning the sale, and pursuant thereto both concluded that they were incurring no personal liability thereunder. We note in this regard that Copenhaver could not remember advising the defendants concerning their personal liability under the sale, and the defendants offered no other proof except their own testimony to substantiate their contention.
On the other hand, the plaintiff offered into evidence a power of attorney prepared by Copenhaver on the day of the sale. It read, in pertinent part, as follows:
"BEFORE ME, the undersigned Notary Public, personally came and appeared KENNETH G. TALLEY, who did depose and say that as part of the consideration of the sale of his stock in Blake, Talley and Associates, Employment Consultants, Inc., to John R. Blake and Patrick G. Simms, that he does hereby irrevocably, constitute and appoint the said John R. Blake as his attorney to transfer the said shares of stock, certificate number one (1), consisting of fifty (50) shares of the aforementioned corporation on the books of the said corporation with full power of substitution in the premises." (Exhibit P-3)
Considering the clear wording of the foregoing instrument, we conclude that Copenhaver was of the opinion that the defendants were the purchasers of the stock. Therefore, in spite of the defendants' contention to the contrary, it is unlikely that he would have advised them otherwise.
Mark J. Harrison, C.P.A. for the corporation, could not recall specifically advising the defendants to have the corporation buy the stock, but he did say that would have been his normal advice.
The plaintiff testified at trial and also maintains on appeal that it was well understood *879 at the time of the sale that the obligation of defendants was individual, not corporate, and that he would not have accepted a corporate debt with no individual liability, especially in view of the fact that the corporation was not on sound financial footing at the time of the sale.
The trial court allowed recovery on the note, concluding that even if the defendants were in error concerning their liability for the purchase price, such error was not the principal cause of the agreement and, therefore, under Civil Code Articles 1823 and 1846 the contract could not be set aside. The defendants' reconventional demand was denied, based upon a hold-harm-less clause in the act of sale. The denial of the reconventional demand has not been appealed and, therefore, the only issue before this Court is the validity of the promissory note.
The defendants bear the burden of proving their consent was vitiated by error, LSA-C.C.P. Art. 1005, New Amsterdam Casualty Company v. Culotta, 230 So.2d 339 (La.App.4th Cir. 1970). This they have not done. Implicit throughout the testimony of both defendants was the desire to buy the plaintiff out of the corporation, in view of the fact that plaintiff was not producing income therefor. This desire was accomplished through the subject sale. Now, however, after the fact and in spite of the clear wording of the act, defendants, in order to avoid personal liability therefor, seek to insert into the sale their subjective motive, that is, to buy plaintiff's stock without incurring personal liability. However, neither the proof adduced at trial by the defendants, nor the circumstances surrounding said sale convince this Court that we should disregard the plain, unambiguous language of the act and allow the defendants to invalidate same for this purported unilateral error.
As previously noted, the only proof offered by the defendants to substantiate their claim is their own uncorroborated testimony. This contention was not substantiated by either Copenhaver or Harrison, both of whom testified at the trial of the matter. It is obvious that defendants desired to buy plaintiff's share of the corporation and the act clearly accomplished that goal. However, we are of the opinion that any other motive which might have been incidental to the transfer of the stock has not been proven by the defendants, and, therefore, they are not entitled to have the sale set aside for error.
Additionally, we note that even had defendants proved their purported motive, they, nevertheless, cannot escape liability on the note. This is so in view of the fact that it is not every error, whether of fact or law, that will invalidate a contract. To do so it must be in some point which was a principal cause for making the contract, such as the motive therefor, LSA-C.C. Art. 1823, and in addition, the other party must be apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it, LSA-C.C. Art. 1826.
The defendants' purported motive was not communicated to the plaintiff prior to the sale, and from the facts and circumstances surrounding the sale, we cannot conclude that the plaintiff should have presumed that the defendants' principal motive was to purchase his stock without incurring personal liability therefor.
All of the cases relied upon by the defendants in support of their position involved errors, the essence of which was either communicated to the other party or should have been presumed from the nature of the contract. Therefore, they are not controlling in the instant case.
For the above reasons, the judgment of the trial court is affirmed, at appellants' cost.
Affirmed.
NOTES
[1] The act of sale sets forth the following:

"SELLER: KENNETH G. TALLEY, who by this sale does hereby resign his position as officer (Secretary-Treasurer), Director, and any other official capacity with the corporation known as Blake, Talley and Associates, Employment Consultants, Inc., 5700 Florida Boulevard, Baton Rouge, Louisiana 70806; and
"BUYERS: JOHN R. BLAKE AND PATRICK G. SIMMS, who are the remaining stockholders of the above corporation, and in their capacity as stockholders, officers and directors of the corporation accept the resignation of Kenneth G. Talley, Seller, from all affairs of the corporation as of this date." (Exhibit P-2)