SAMUEL, Judge.
Defendants have appealed from an adverse judgment ordering rescission of a November 26, 1973 sale of an unimproved lot *1088 and the return of the purchase price, plus interest. Plaintiffs are the purchasers.
The record contains the testimony of the two plaintiffs, the individual defendant, Mitchell, who was president and owner of the defendant corporation, and the attorney and notary who passed the act of sale. While the testimony is in conflict regarding some pertinent matters, we find the following facts, which we believe also were found by the trial court:
Mr. Gray became acquainted with the corporate defendant through a newspaper advertisement in the “Swap” section. He contacted Mr. Mitchell regarding the purchase of a lot and they arranged to meet near the unimproved area, between the Airline Highway and the river near LaPlace, Louisiana, in which the property was located. They met and walked a short distance on a side road to within 200 or 300 feet of Lot 7, the property in suit. Using a particular tall tree as a reference point, Mitchell pointed out the lot which, he said, was located on the highway side of railroad tracks running in the back of the lot. Mitchell further informed Gray the lot was not in a swampy area, to the contrary, the property was “high and dry”, and that an Illinois concern, which also had purchased in the area, would cut a road through in the near future.
We further find that, contrary to the misrepresentations made by Mitchell, Lot 7 was located on the river side of the railroad tracks in a swampy area and that the plaintiffs would not have purchased had they known its actual location and condition.
In this court defendants contend: (1) plaintiffs received the property for which they paid; and (2) alternatively, no personal judgment should have been rendered against the president of the defendant corporation.
The first contention is basically a question of fact which has been resolved in favor of the plaintiffs. The trial court found, and we agree, there was no “meeting of the minds” as required under Civil Code Articles 1820, 1821 and 1824. The sale in suit is invalid because there was error in the subject matter of the contract.[1]
Nor do we agree with the second contention. We are satisfied that Mitchell knew the correct location and condition of Lot 7 and, despite that knowledge, misrepresented that location and condition. He is personally responsible with the corporation for the same reasons that an employee is personally liable, together with his employer, for damages caused by his negligence while driving a vehicle on the business of the employer.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. See Franklin v. Evans, La.App., 315 So.2d 818.