496 So.2d 609 (1986)
Lyndle W. THOMAS and Margaret F. Thomas
v.
Charles R. PACE, III.
No. 85-CA-0884.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*610 Gerald Walter and William E. Hodgkins, Baton Rouge, for plaintiffs-appellees Lyndle W. Thomas and Margaret F. Thomas.
James W. Murray, Baton Rouge, for defendant-appellant Charles R. Page, III.
Before EDWARDS, WATKINS and PONDER[*], JJ.
EDWARDS, Judge.
In this suit for the return of a deposit made pursuant to a purchase agreement, the defendant appealed the judgment ordering him to return the $1,000.00 deposit to the plaintiffs and to pay $2,958.35 in attorney's fees. The plaintiffs answered the appeal and asked that the attorney's fees be increased to $5,940.32.
The issues are whether an error existed as to the principal cause of the purchase agreement and whether the award of attorney's fees was proper. We affirm in part and reverse in part.

FACTS
The plaintiffs, Lyndle and Margaret Thomas, signed an agreement to purchase the residence owned by the defendant, Charles R. Pace, III. Shortly after the execution of this purchase contract, Mr. Thomas went to examine the property following a heavy rain and found it inundated. The Thomases sought to invalidate the contract alleging an error in the principal cause of the purchase agreement. They contended that the real estate agent had been informed about their desire for property which was not susceptible to flooding and that Mr. Pace had assured the agent that the property did not flood. At trial, the Thomases attempted to prove that Mr. Pace was aware that the property had flooded on three previous occasions. The trial court ruled that the plaintiffs met their burden of proving that the flooding of the property constituted an error which vitiated their consent and therefore invalidated the contract.

THE PURCHASE AGREEMENT
In order to invalidate a contract due to error, the error must relate to the principal cause for making the contract and the other party must either know or be *611 presumed to know of this principal cause. LSA-C.C. art. 1823 (current version at LSA-C.C. art. 1949); Stack v. Irwin, 246 La. 777, 167 So.2d 363 (1964); Talley v. Blake, 322 So.2d 877 (La.App. 1st Cir.1975). The Thomases contend that their primary objective in searching for a home was to locate property with no flooding or water problems. The record reflects that they did inform the realtor of their concern and were assured that Mr. Pace's property was not susceptible to flooding. Since a reviewing court must accord great weight to the findings of the trier of fact, the factual conclusions made by the trial judge should not be disturbed unless the record reflects that the findings are manifestly erroneous. Hanagriff's Machine Shop v. Slaw Construction Co., 380 So.2d 146, 148 (La.App. 1st Cir.1979). After a careful review of the record, we cannot conclude that the trial court erred in finding that the inundation of the property after the signing of the purchase agreement constituted an error as to the principal cause of this contract. Therefore, the part of the judgment ordering Mr. Pace to return the $1,000.00 deposit to the Thomases is affirmed.

LEGAL FEES
The Thomases argue that the trial court erred in only awarding them $2,958.35 in attorney's fees when the evidence clearly establishes legal fees of $5,940.32. The plaintiffs rely on Katz v. Chatelain, 321 So.2d 802 (La.App. 4th Cir. 1975), as support for this assertion. This case can be distinguished however, because the purchase agreement there was held to be a valid contract. The court in Katz correctly allowed the defendant to recover the attorney's fees incurred by him in enforcing his rights under the valid sale agreement. Since the purchase agreement in the instant case is not a valid contract, clearly it cannot be relied on as authority for awarding attorney's fees to the plaintiffs.
In Franklin v. Evans, 315 So.2d 818 (La.App. 4th Cir.1975), the purchasers sued the vendor to recover a deposit alleging that they had been induced to sign a purchase agreement by misrepresentations about the existence of a driveway on the property. The trial court found that the plaintiff had been misled and that a substantial error of fact in the parties' minds prevented them from confecting a valid contract. On rehearing, the court held that "[p]laintiffs are not entitled to attorneys' fees since the only authority for awarding such was the contract which we have held to be invalid." Id. at 821.
The case law clearly establishes that legal fees should not be awarded on the basis of a contract which has been ruled null and void. Therefore, the trial court's award of attorney's fees to the plaintiffs is reversed.
For the above reasons, we affirm that part of the judgment of the trial court finding that an error in the principal cause of the purchase agreement prevented the parties from confecting a valid contract. We reverse that part of the judgment awarding attorney's fees to the plaintiffs. The costs of this appeal are assessed equally to appellants and appellees.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.