524 So.2d 847 (1988)
John Glynn BORDELON, et al., Plaintiffs-Appellees,
v.
Robert J. KOPICKI, et al., Defendants-Appellants.
No. 87-14.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*848 Mangham, Hardy, Rolfs, Bailey & Abadie, Wayne A. Shullaw/Randall Karr, Arthur Schafer, Lafayette, for plaintiffs-appellees.
Moss & Bradley, Tim Bradly, Lafayette, for defendants-appellants.
Before GUIDRY and YELVERTON, JJ., and SWIFT, J. Pro Tem.[*]
YELVERTON, Judge.
This appeal involves two consolidated actions. Robert and Carole Kopicki signed a purchase agreement with John and Paula Bordelon to buy the Bordelons' three bedroom residence located in Lafayette. When the Kopickis did not perform the purchase agreement, the Bordelons sued, and were awarded a judgment against the Kopickis for $18,816.30. From the judgment in that suit (the captioned case), the Kopickis appealed. We affirm.
The second case, Oil City Realty v. Bordelon, 524 So.2d 860 (La.App. 3rd Cir.1988), in which we today render a separate judgment, was a concursus to determine the ownership of a $1,000 deposit made by the Kopickis when the purchase agreement was signed. The trial court declared the Bordelons the owner of the deposit.
The case arose when the Bordelons placed their home on the market for sale. The Kopickis, searching for a four bedroom home or a three bedroom home that could be converted into a four bedroom home, became interested in the Bordelon house. Before signing the purchase agreement, the Kopickis discussed and made arrangements with a contractor about having an addition put on the Bordelons' house, which only had three bedrooms.
On May 26, 1983, the Kopickis and the Bordelons entered into a contract to buy and sell the property for the sum of $134,500. The sale was to be closed on or before June 26, 1983. A few days before the closing date the Kopickis discovered that the property in question, which is a corner lot, was burdened by a right-of-way in favor of the City of Lafayette. From the edge of the existing pavement, this servitude extended about 30 feet into the lot. Based upon this information the Kopickis assumed that the contemplated addition would not fit and that the property was not suitable for their purposes. They refused to consummate the sale.
The issue raised by this appeal is whether the Kopickis had the right to invalidate the contract to sell because of error. After studying the record and reviewing the jurisprudence on the subject, we are of the opinion that the trial judge reached the correct result: the contract was valid.
In order to invalidate a contract due to error, the error must relate to the principal cause for making the contract and the other party must either know or be presumed to know of this principal cause. La. C.C. Art. 1949; Thomas v. Pace, 496 So.2d 609 (La.App. 1st Cir.1986).
La.C.C. Art. 1950 says that error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing.
We will assume that the Kopickis proceeded in this matter under an error of fact. They testified that they thought the lot was free of any servitudes when in *849 actuality it was burdened by a 30 foot right-of-way. If that was the case, then the thing which the Kopickis contracted for, the house and lot, was different from what they understood it to be at the time of contracting.
They testified that the principal cause for their agreement to purchase this home was because of the lot size. They wanted a three bedroom house on a lot with enough acreage to convert it into a four bedroom house, rather than a house on a lot of any size.
Regardless of the significance of this criterion to the Kopickis, however, it was never communicated to the Bordelons nor to their real estate agent. John Bordelon testified that neither he nor his wife spoke with the Kopickis during the entire negotiating process. The record reflects that both the Bordelons and their realtor knew that the appellants were planning some renovations. However, they did not know what the renovations were nor did they know that that was a principal cause for making the contract.
From the nature of this transaction it cannot be presumed that the plaintiffs knew what the Kopickis' principal cause was. The apparent reason for agreeing to buy a house and lot is to acquire a suitable place to live. The evidence establishes that the property in dispute fit that description. We do not believe that the Bordelons should be held to have known that the Kopickis wanted to convert the residence into a four bedroom home, and that their planned addition would spill over into the right of way.
The trial court found that it was not until 15 months after the Kopickis reneged that the Bordelons found a sale, and then, due to a depressed market, the price they had to accept was much less than the purchase agreement. The trial court awarded the Bordelons $18,816.30, which was $17,500 as the difference between the purchase agreement and the actual sale price, and $2,316.30 as the difference between the Bordelons' house payments and what they took in as rent (a total of $19,816.30), less a credit for the $1,000 deposit.
For the above reasons the judgment of the trial court is affirmed, appellant to pay the costs.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, Judge Pro Tempore.