62 So.3d 207 (2011)
Patricia BOUDREAU
v.
Ryan BOUDREAU.
No. 10-CA-347.
Court of Appeal of Louisiana, Fifth Circuit.
March 9, 2011.
*208 Bennett Wolff, Wolff & Wolff, Attorney at Law, Metairie, LA, for Plaintiff/Appellant.
Laura J. Todaro, Neil D.W. Montgomery, Attorneys at Law, Kenner, LA, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER and MARC E. JOHNSON.
CLARENCE E. McMANUS, Judge.
In this divorce proceeding, plaintiff appeals a ruling of the trial court which assesses to her the cost of an expert witness's fee. We reverse the decision of the trial court.
Patricia Boudreau and Ryan Boudreau were married on February 7, 2004. The parties had one child, born November 9, 2004. On October 20, 2008, Patricia filed a petition for divorce.
On November 24, 2008, the trial court rendered an interim judgment based on the recommendations of the hearing officer granting (among other things) joint custody of the minor child, with Patricia as the domiciliary parent and Ryan having unsupervised visitation. On February 18, 2009, the court modified its judgment to provide that Ryan's visitation be supervised by the paternal grandparents. The parties were granted a divorce by judgment signed on August 11, 2009.
Patricia objected to the hearing officer's recommendations and the interim custody and on September 30, 2009, the trial court considered her objection.
The court rendered judgment granting supervised visitation to Ryan. In the judgment, Patricia was ordered to pay the witness fees of Ms. Stacy Horn-Koch and Ms. Lorey Delap. After the trial court denied Patricia's Motion for New Trial, she filed this appeal. The record was designated on appeal, and only the transcript of the court's oral reasons was requested. Therefore the transcript of the hearing, including the testimony of Ms. Delap, is not present.
*209 In this appeal, Patricia contends that the trial court erred in ordering her to pay the expert fee of Ryan's therapist, Ms. Lorey Delap. She contends that she should not be ordered to pay since Ms. Delap was never qualified and tendered as an expert by either party.
Witnesses called to testify as expert witnesses shall be compensated for their services. LSA-R.S. 13:3666; Orea v. Scallan, 32,622 (La.App. 2 Cir. 1/26/00), 750 So.2d 483. An expert witness need not answer hypothetical questions in stating opinions and conclusions, but even an expert is not entitled to a fee if he merely gives testimony as to facts and circumstances which could be stated by a lay witness. Welton v. Falcon, 341 So.2d 564 (La.App. 4 Cir.1976), writ denied 342 So.2d 872, 1109 (La.1977). See also, D'Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4 Cir.1981), writ denied, 407 So.2d 748 (La.1981).
Ms. Delap is Ryan's therapist. Patricia subpoenaed her to testify at trial. It is undisputed that neither party qualified Ms. Delap as an expert. In brief, Patricia argues that Delap was called as a lay person, and as a fact witness to testify as to what transpired during therapy sessions. Patricia's assertion that she did not intend to call Mr. Delap as an expert, and in fact did not call Ms. Delap as an expert, is bolstered in the record. The record reflects that Ms. Delap called the court's chambers on the date before trial to complain that when she was subpoenaed, she requested payment, but did not receive it. The court stated that his law clerk informed Ms. Delap that if she was subpoenaed, she had to appear in court.
In support of her contention that Ms. Delap is not entitled to expert fees because she was not qualified as an expert prior to giving her testimony, Patricia cites the cases of Hebert v. Diamond M. Company, 385 So.2d 410 (La.App. 3 Cir.1980) (the court of appeal vacated an aware of attorney fees where, not only were the witnesses not qualified as experts, they offered no expert testimony on any aspect of the case) and Dorsett v. Johnson, 34,500 (La.App. 2 Cir. 5/9/2001), 786 So.2d 897 (the witness was not qualified as an expert. The nature of his testimony was not discussed in the opinion).
In this case, Ms. Delap was not offered as an expert witness. The nature of her testimony is unknown; however, the minute entry of trial reflects that there was no objection made to any questioning on the grounds that the witness was not tendered as an expert. We find that under the facts of this case, the trial court erred in awarding expert fees to Ms. Delap.
In his brief, Ryan also requests that portions of the Patricia's brief be stricken, alleging that it contains statements that are irrelevant to the appeal and were included solely to embarrass, criticize and harass him, citing Uniform Rules of Court, Courts of Appeal, Rule 2-12.4.
The statements to which Ryan objected may not have been appropriate to the appeal before us; however they were not of such nature to require that brief be stricken or that sanctions be imposed. Jarman v. Jarman, 540 So.2d 444 (La.App. 1 Cir. 1989). Furthermore, this Court disregarded the statements complained of in deciding the issue presently before us. Bethea v. Modern Biomedical Services, Inc., 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227, writ denied, 97-3169, 97-3170 (La.2/13/98), 709 So.2d 760, 761.
Ryan filed an answer in this Court alleging that the trial court erred in failing to adopt the recommendations of evaluator. However, Ryan did not brief his issues to this Court and therefore they are considered abandoned. Uniform *210 Rules-Courts of Appeal, Rule 2-12.4; Decker v. Cox Communications Louisiana, LLC, 09-655 (La.App. 3 Cir. 12/16/09), 27 So.3d 998, writ denied, 10-0100 (La.4/5/10), 31 So.3d 365; Aguilar v. Transit Management of Southeast Louisiana, Inc., 04-1027 (La.App. 5 Cir. 3/1/05), 900 So.2d 65.
For the above discussed reasons, the judgment of the trial court is reversed. The request to strike is denied. All costs are assessed against Ryan Boudreau.
WICKER, J., dissents with reasons.
WICKER, J. dissents with reasons.
I respectfully dissent for the following reasons.
In this case, Mrs. Boudreau subpoenaed Ms. Delapher ex-husband's therapistto testify at the custody hearing. When Ms. Delap testified neither party tendered her as an expert nor was she formally accepted as an expert witness. Nevertheless, at the conclusion of the trial, Mrs. Boudreau was ordered to pay the cost of Ms. Delap's expert testimony.
A seminal question not previously answered by this Court is whether expert witness fees can be awarded to a witness who was not tendered, qualified, and accepted as an expert.
A trial judge enjoys great discretion under La. C.C.P. art. 1920 in the taxing of expert witness fees. Buffman Inc. v. Lafayette Co., 09-0870, 09-1241 p. 39 (La. App. 4 Cir. 4/14/10), 36 So.3d 1004, 1030. On the trial court's award of expert witness fees and court costs, "[t]he standard of review for this Court is whether there was an abuse of discretion by the district court." Id. at 1029 citing Saden v. Kirby, 01-2253, p. 1 (La.App. 4 Cir. 8/7/02), 826 So.2d 558, 560; Mossy Motors v. Water Board of the City of New Orleans, 01-0486, p. 5 (La.App. 4 Cir. 9/19/01), 797 So.2d 133, 137.
While the first and second circuits hold that the witness must be qualified and tendered as an expert in order to be entitled to an expert witness fee, the third and fourth circuits find no such formal requirement exists.
In Wallace v. State Farm Fire & Cas. Ins. Co., 345 So.2d 1004, 1009 (La.App. 2 Cir. 1977), the court declined to order expert witness fees for witnesses who were not qualified by the trial court as experts. Likewise, in Hebert v. Diamond M. Co., 385 So.2d 410, 415 (La.App. 1 Cir.1980), the court found that the trial court erred in awarding expert fees to persons who were not qualified by the trial court as experts.
Conversely, in Darbonne v. Wal-Mart Stores, Inc., 00-551 p. 8 (La.App. 3 Cir. 11/2/00), 774 So.2d 1022, 1028, the court held "there is no formal requirement that a party formally tender an expert witness or that a court formally declare that a witness is accepted as an expert." That court stated, "the fact that the trial court accepted the testimony of Mr. Nelson as an expert without expressly stating so did not constitute error." Id. Likewise, in Square Deal Siding Co. Inc. v. Thaller, 08-0757 p. 8 (La.App. 4 Cir. 12/30/08), 3 So.3d 71, 78, the court held there was no requirement that a witness be tendered and formally declared to be an expert.
I agree with the position taken by the third and fourth circuits. In my view, where a witness renders expert opinion testimony without objection, that witness may seek remuneration by way of an expert witness fee whether or not that witness has been formally qualified and tendered as an expert.
The next question then is whether the trial court abused its discretion when it *211 found that the witness had given expert opinion testimony and awarded an expert witness fee on that basis. Here, the appellant did not designate Ms. Delap's testimony as part of the appellate record. Without the transcript to review, I would find that the appellant has failed to prove that the trial court abused its discretion in awarding the expert witness fee.
In his oral reasons for judgment, the trial court judge stated that Ms. Delap called his office the day before trial and complained to his law clerk that she would not be paid for her services. While I condone neither the witness' action in calling the court to air her complaint rather than filing a motion for expert fees, nor the court's action in having a conversation with the witness without counsel for both parties being present, the trial court stated on the record:
Mr. Wolff did not qualify her [Ms. Delap] as an expert. However, she was answered, she was treated as an expert. There was no objection by Mr. Cashi, but that doesn't mean, the mere fact the he didn't object and say she hasn't been qualified first, that doesn't mean that she wasn't asked opinion questions that drew on her expertise. She clearly was. In closing arguments, Mr. Wolff referred to her diagnosis, for instance, of alcohol abuse. All of that indicates expertise, so I'm only bringing this up to head off what I know is anwhich I feel is probably an eventual issue, and that is whether she should be paid as an expert or not. And I feel that she was because she was questioned as an expert and as Mr. Wolff said, she was asked about a, as he characterized it, a diagnosis.
"The trial court is vested with much discretion in determining which opinion testimony shall be received into evidence and whether it will be received as "lay" or "expert" testimony." Square Deal Siding, supra at 79. Deferring to the trial judge's discretion, the trial judge was in the best position to determine whether Ms. Delap displayed expertise on the matter to which she testified. Based on the reasons he expressed in open court, the trial judge was of the opinion she did.
Therefore, on the record before us, I cannot find that the trial court abused its discretion in finding that Ms. Delap was an expert despite the fact that she was never tendered as such. I would affirm.
ROTHSCHILD, J. dissents for the reasons assigned by Judge WICKER.