CLARENCE E. McMANUS, Judge.
|⅞⅛1 this divorce proceeding, plaintiff appeals a ruling of the trial court which assesses to her the cost of an expert witness’s fee. We reverse the decision of the trial court.
Patricia Boudreau and Ryan Boudreau were married on February 7, 2004. The parties had one child, born November 9, 2004. On October 20, 2008, Patricia filed a petition for divorce.
On November 24, 2008, the trial court rendered an interim judgment based on the recommendations of the hearing officer granting (among other things) joint custody of the minor child, with Patricia as the domiciliary parent and Ryan having unsupervised visitation. On February 18, 2009, the court modified its judgment to provide that Ryan’s visitation be supervised by the paternal grandparents. The parties were granted a divorce by judgment signed on August 11, 2009.
Patricia objected to the hearing officer’s recommendations and the interim custody and on September 30, 2009, the trial court considered her objection.
|3The court rendered judgment granting supervised visitation to Ryan. In the judgment, Patricia was ordered to pay the witness fees of Ms. Stacy Horn-Koch and Ms. Lorey Delap. After the trial court denied Patricia’s Motion for New Trial, she filed this appeal. The record was designated on appeal, and only the transcript of the court’s oral reasons was requested. Therefore the transcript of the hearing, including the testimony of Ms. Delap, is not present.
*209 In this appeal, Patricia contends that the trial court erred in ordering her to pay the expert fee of Ryan’s therapist, Ms. Lorey Delap. She contends that she should not be ordered to pay since Ms. Delap was never qualified and tendered as an expert by either party.
Witnesses called to testify as expert witnesses shall be compensated for their services. LSA-R.S. 18:3666; Orea v. Scallan, 82,622 (La.App. 2 Cir. 1/26/00), 750 So.2d 483. An expert witness need not answer hypothetical questions in stating opinions and conclusions, but even an expert is not entitled to a fee if he merely gives testimony as to facts and circumstances which could be stated by a lay witness. Welton v. Falcon, 341 So.2d 564 (La.App. 4 Cir.1976), writ denied 342 So.2d 872, 1109 (La.1977). See also, D’Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4 Cir.1981), writ denied, 407 So.2d 748 (La.1981).
Ms. Delap is Ryan’s therapist. Patricia subpoenaed her to testify at trial. It is undisputed that neither party qualified Ms. Delap as an expert. In brief, Patricia argues that Delap was called as a lay person, and as a fact witness to testify as to what transpired during therapy sessions. Patricia’s assertion that she did not intend to call Mr. Delap as an expert, and in fact did not call Ms. Delap as an expert, is bolstered in the record. The record reflects that Ms. Delap called the court’s chambers on the date before trial to complain that when she was subpoenaed, she | requested payment, but did not receive it. The court stated that his law clerk informed Ms. Delap that if she was subpoenaed, she had to appear in court.
In support of her contention that Ms. Delap is not entitled to expert fees because she was not qualified as an expert prior to giving her testimony, Patricia cites the cases of Hebert v. Diamond M. Company, 385 So.2d 410 (La.App. 3 Cir.1980) (the court of appeal vacated an aware of attorney fees where, not only were the witnesses not qualified as experts, they offered no expert testimony on any aspect of the case) and Dorsett v. Johnson, 34,500 (La.App. 2 Cir. 5/9/2001), 786 So.2d 897 (the witness was not qualified as an expert. The nature of his testimony was not discussed in the opinion).
In this case, Ms. Delap was not offered as an expert witness. The nature of her testimony is unknown; however, the minute entry of trial reflects that there was no objection made to any questioning on the grounds that the witness was not tendered as an expert. We find that under the facts of this case, the trial court erred in awarding expert fees to Ms. Delap.
In his brief, Ryan also requests that portions of the Patricia’s brief be stricken, alleging that it contains statements that are irrelevant to the appeal and were included solely to embarrass, criticize and harass him, citing Uniform Rules of Court, Courts of Appeal, Rule 2-12.4.
The statements to which Ryan objected may not have been appropriate to the appeal before us; however they were not of such nature to require that brief be stricken or that sanctions be imposed. Jarman v. Jarman, 540 So.2d 444 (La.App. 1 Cir. 1989). Furthermore, this Court disregarded the statements complained of in deciding the issue presently before us. Bethea v. Modem Biomedical Services, Inc., 97-332 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227, writ denied, 97-3169, 97-3170 (La.2/13/98), 709 So.2d 760, 761.
|sRyan filed an answer in this Court alleging that the trial court erred in failing to adopt the recommendations of evaluator. However, Ryan did not brief his issues to this Court and therefore they are considered abandoned. Uniform *210 Rules-Courts of Appeal, Rule 2-12.4; Decker v. Cox Communications Louisiana, LLC, 09-655 (La.App. 3 Cir. 12/16/09), 27 So.3d 998, writ denied, 10-0100 (La.4/5/10), 31 So.3d 365; Aguilar v. Transit Management of Southeast Louisiana, Inc., 04-1027 (La.App. 5 Cir. 3/1/05), 900 So.2d 65.
For the above discussed reasons, the judgment of the trial court is reversed. The request to strike is denied. All costs are assessed against Ryan Boudreau.
WICKER, J., dissents with reasons.