JiDUFRESNE, Judge.
Appellants herein, Rebecca Kosak, Nancy Selzer, and Ronald L. Passons, appeal the *321 trial court’s granting of a motion for partial summary judgment in favor of Duval Cantu which declared his interdiction an absolute nullity.[1] The appellants also appeal the denial of their motion for summary judgment. In addition, Rebecca Kosak, in a consolidated appeal (Number 97-CA-510), challenges the trial judge’s removal of her as Duval Cantu’s curatrix pursuant to an ex parte motion and without a contradictory hearing. For the reasons set forth herein, we reverse the trial court’s granting of Cantu’s motion for partial summary judgment, affirm the denial of the appellants’ motion for summary judgment, and vacate the order of the trial court removing Kosak as curatrix.
In June of 1985, Duval Cantu was involved in an automobile |2accident which left him seriously injured and in a comatose state. As a result of his condition, on July 2, 1985, Rebecca Kosak, his fiancee at the time, filed a petition seeking to have Cantu interdicted and requesting that she be appointed cura-trix and his mother, Henrietta Cantu, be appointed undercuratrix. On the same day that the petition was filed, the district court judge signed an order appointing Rebecca Kosak as curatrix and Henrietta Cantu as undercuratrix of Cantu.
As a result of the automobile accident, Rebecca Kosak filed a petition for damages on behalf of Cantu in the Orleans Parish Civil District Court. This lawsuit was eventually settled in 1995. Kosak, who had married and subsequently divorced Cantu, created a trust for Cantu naming Nancy Selzer as the trustee, and transferred the settlement proceeds to the trust. Subsequent to this settlement, Duval Cantu, on November 16, 1995, filed a petition for nullity of order of interdiction, alleging that in November of 1995, he learned that the order of interdiction was obtained through fraud or ill practices and thus should be declared a nullity. Among numerous other allegations, Cantu asserted that the interdiction should be declared a nullity because no citation or service of process was issued or served upon him as required by LSA-C.C.P. art. 4544.
After an answer to the petition for nullity was filed, Cantu, in April of 1996, filed a motion for partial summary judgment alleging that there was no genuine factual dispute that he was not sehved with the citation and petition, and therefore the interdiction must be declared an absolute nullity. In support of his motion, Cantu filed an | .^¡affidavit, stating that he was never served with the citation and the petition for interdiction filed on July 2, 1985; he was never represented by either retained counsel or court appointed counsel until he retained the services of Roy S. Lilley in November of 1995; he was never served with the order of interdiction issued on July 2,1985; he has never made a general appearance in this matter until he filed the petition for nullity on November 16,1995; he was not aware that' the interdiction was a nullity until November 11, 1995 when his attorney advised him of the situation; no execution of the order of interdiction was served on him by Rebecca Kosak or her attorney; had he known the order of interdiction was being issued against him, he never would have agreed to it.
Contrary to Cantu’s argument, the appellants claimed that the motion for partial summary judgment should be denied because there was a genuine issue of material fact left to be resolved as to whether Evan Trestman, the attorney who signed the petition for interdiction, accepted service of the original petition on behalf of Cantu at the July 2, 1985 hearing. In conjunction -with their arguments, Rebecca Kosak and Nancy Selzer filed their own motion for summary judgment alleging that they were entitled to judgment as a matter of law and requesting that plaintiffs action be dismissed because there was no dispute that Cantu acquiesced in the order of interdiction, thereby precluding an action for nullity of the same. In support of their motion, the appellants offered affidavits of four individuals which attempted to show that Cantu was fully aware of the interdiction, that he | understood the reasons for it and that he approved it.
*322 The motions for summary judgment came for hearing on June 6, 1996, at which time they were submitted on memoranda filed by the parties and taken under advisement. On August 12, 1996,[2] the trial judge granted Cantu’s motion for partial summary judgment and ordered that the interdiction rendered on July 2,1985 be declared an absolute nullity. In granting Cantu’s motion, the trial judge reasoned as follows:
After a complete review of the entire record, the Court finds that Mr. Cantu was not served with the citation and the petition for interdiction prior to the signing of the order of interdiction, dated July 2, 1985. He was not represented by an attorney upon whom service could have been made or otherwise accepted. The Court additionally finds that Mr. Cantu was not served with the order of interdiction which he seeks to annul. No matter what knowledge of the order of interdiction Mr. Cantu may have had, lack of service of the citation and the petition renders the order of interdiction defective. Guaranty Energy Corp. vs. Carr, 490 So.2d 1117 (La.App. 5th Cir.1986).
Furthermore, the Court is not convinced that Mr. Cantu’s actions or inactions subsequent to the date of the order of interdiction were an acquiescence to the order, as suggested by the defendants in their pleadings. These actions or inactions do not meet the requirements for acquiescence established by the Courts in Bergman vs. Bergman, 425 So.2d 831 (La.App. 5th Cir.1982) and Pierce vs. Gervais, 425 So.2d 922 (La.App. 4th Cir.1983). Moreover, the Court is convinced that Mr. Cantu did not acquiesce to the order of interdiction. Peschier vs. Peschier, 419 So.2d 923 (La.1982). Accordingly, Duval Cantu’s Motion for Partial Summary Judgment is maintained.
Based on these same reasons, the trial judge overruled and |5dismissed Kosak’s and Selzer’s motion for summary judgment.[3] Thereafter, Kosak and Selzer filed a motion for new trial which was denied by the trial judge.
Kosak, Selzer, and Ronald Passons, the successor trustee,[4] now appeal the trial court’s granting of Cantu’s motion for partial summary judgment and the denial of Kosak’s and Selzer’s motion for summary judgment.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B. Summary judgments are reviewed on appeal de novo. Thus, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Murphy v. L & L Marine Transp., Inc., 97 633 (La.App. 5 Cir. 5/28/97), 695 So.2d 1045.
In Smith v. Our Lady of the Lake Hosp., Inc., supra at p. 751, the Louisiana Supreme Court discussed the operative provisions of LSA-C.C.P. art. 966 as follows:
*323 A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.” In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. “Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.” [citations omitted].
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. “[F]aets are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Simply put, a “material” fact is one that would matter on the trial on the merits, [citations omitted].
LSA-C.C.P. art. 966 was amended in 1996 to provide that the summary judgment is designed to secure the just, speedy, and inexpensive determination of every action, and that the procedure is now favored. In Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41, the court discussed the 1996 amendment as follows:
We find that the amended article substantially changes the law of summary judgment. Under the existing jurisprudence, the summary judgment was not favored and was to be used only cautiously and sparingly. The pleadings and supporting documents of the mover were to be strictly scrutinized by the court, while the documents submitted by the party in opposition were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment, |7and in favor of trial on the merits, [citations omitted].
The jurisprudential presumption against granting the summary judgment has been legislatively overruled by La.Code Civ.P. art. 966 as amended. In effect, the amendment “levels the playing field” between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
LSA-C.C.P. art. 966 was again amended by Act No. 483 of the Regular Session of 1997.[5] The act provides that the amendment is intended to further clarify the law and to legislatively overrule all eases inconsistent with Hayes v. Autin, supra. The amended version specifically provides that the burden of proof remains with the movant.' However, if the moving party will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party’s claim. Once the mover establishes that there is no factual support for an essential element of the adverse party’s claim, the burden shifts to the adverse party to produce factual support sufficient |gto establish that he will be able to satisfy his evidentiary burden at trial. If he fails to do so, the mover is entitled to summary judgment. See LSA-C.C.P. art. 966C(2).
In light of these precepts, we must now determine whether the trial judge properly granted Cantu’s motion for partial judgment *324 which declared his interdiction to be an absolute nullity.
LSA-C.C.P. art.2002 provides:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
However, a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002. See LSA-C.C.P. art.2003.
In the present case, regardless of whether or not Cantu was actually served with the citation and petition (which in and of itself could be a disputed issue), we find that there is a genuine issue of [9material fact left to be resolved, namely whether Cantu acquiesced in the interdiction, so as to preclude his action for nullity. In support of their argument of acquiescence, the appellants claim that Cantu has welcomed all acts taken on his behalf by his curatrix as well as the benefits that her actions have conferred on him. They further argue that since Cantu has accepted the substantial benefits and his life has greatly improved by the acts of his curatrix, and because at no time over the last ten years has he ever expressed any dissatisfaction, misunderstanding, or rejection of his interdiction, he has acquiesced in the order of interdiction. In contrast, Cantu contends that he did not acquiesce in the order of interdiction, especially since he was not served with it. Moreover, in his appellate brief, Cantu contends that there can be no such thing as an acquiescence in an interdiction. Having found a disputed issue, we reverse the trial judge’s granting of Cantu’s motion for partial summary judgment and affirm the denial of Kosak’s and Selzer’s motion for summary judgment.
In addition to the issues discussed herein, Rebecca Kosak, in a consolidated appeal, challenges the trial court’s order of November 19, 1996, which removed her as curatrix pursuant to an ex parte motion filed on behalf of Duval Cantu.
The court may remove the curator only after a contradictory hearing. LSA-R.S. 9:1025; LSA-C.C.P. arts. 4234 and 4554. In deciding whether to remove the curator, the trial judge must consider the factors listed in LSA-R.S. 9:1025 and the appointment of a new curator must be in accordance with law, such as furnishing security |10and taking an oath. See LSA-C.C.P. arts. 4171, 4172. Based on the foregoing, we find that the removal of Rebecca Kosak as curatrix in this case pursuant to an ex parte motion and without a contradictory hearing was error. Accordingly, for the reasons set forth herein, we reverse the trial court’s granting of Cantu’s motion for summary judgment, affirm the denial of Kosak’s and Selzer’s motion for summary judgment, and vacate the order removing Rebecca Kosak as curatrix and appointing a replacement. The case is remanded for proceedings consistent with this opinion.

REVERSED IN PART, AFFIRMED IN PART, VACATED IN PART AND REMANDED.

. Marie Riccio Wisner, the attorney who represented Cantu's interest in the personal injury lawsuit, has been a party throughout the proceedings in the district court; however, she is not involved in the instant appeal as only Kosak, Selzer, and Passons filed a motion for appeal.

. On September 11, 1996, the trial court subsequently amended the August 12, 1996 judgment; however, the amendment does not pertain to any issues raised in this appeal.

. Along with the motions for summary judgment, the court also considered a peremptory exception of nonjoinder of an indispensable party filed by the appellants. The exception alleged that Evan Trestman, the attorney who signed the petition for interdiction, was an indispensable party because it appeared that he was the attorney who accepted service of the citation and petition in the suit for interdiction on behalf of Cantu on July 2, 1985. The trial judge overruled and dismissed this exception. On appeal, the appellants designate this ruling as a specification of error; however, it is not argued in the briefs and is therefore deemed abandoned. See Rule 2-12.4 of the Uniform Rules of the Courts of Appeal.

.Ronald Passons was not involved in these proceedings until July 31, 1996, when his appointment as successor trustee to the Duval Cantu Trust became effective. The former trustee, Nancy Selzer, had tendered her resignation on July 1, 1996, which resignation became effective on July 31, 1996.

. The amended versions of the article are procedural in nature and therefore subject to retroactive application. Berzas v. Oxy USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149; Rowley v. Loupe, 96-918 (La.App. 5th Cir. 4/9/97), 694 So.2d 1006.